JS 44 (Rev 02/19) MSG 19-CV-6056

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Frank Bartell, Stan Gilbert and Arlene Caney

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert C Drake, Benjamin Speciale
Drake Speciale LLC, 221 Chestnut St, 2nd Fl
Phila PA 19106 (215) 732-7017

**DEFENDANTS**
Community College of Philadelphia
Donald Guy Generals and Does 1-10

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Age discrimination in employment.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ more than $500,000
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

DEC 20 2019

DATE: 12/20/2019 SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

MSG 19 6056

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Drake Specicale LLC, 221 Chestnut St, Phila, Pa. 19106

Address of Defendant: 1700 Spring Garden Street, Phila, Pa. 19130

Place of Accident, Incident or Transaction: 1700 Spring Garden Street, Phila, Pa 19130

***RELATED CASE, IF ANY:***

Case Number: ______ Judge ______ Date Terminated ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions

1 Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2 Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☒ No ☐

3 Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☒ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 12/20/2019 [signature] Must sign here — *Attorney-at-Law / Pro Se Plaintiff* — 57177 - Pa. *Attorney I D # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2 FELA
☐ 3 Jones Act-Personal Injury
☐ 4 Antitrust
☐ 5 Patent
☐ 6 Labor-Management Relations
☐ 7 Civil Rights
☐ 8 Habeas Corpus
☐ 9 Securities Act(s) Cases
☐ 10 Social Security Review Cases
☒ 11. All other Federal Question Cases
*(Please specify)* Age Discrimination in Employment

***B. Diversity Jurisdiction Cases:***

☐ 1 Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3 Assault, Defamation
☐ 4 Marine Personal Injury
☐ 5 Motor Vehicle Personal Injury
☐ 6 Other Personal Injury *(Please specify)* ______
☐ 7. Products Liability
☐ 8 Products Liability – Asbestos
☐ 9 All other Diversity Cases
*(Please specify)* ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, Robert C Drake, counsel of record *or* pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☒ Relief other than monetary damages is sought.

DEC 20 2019

DATE 12/20/2019 [signature] Sign here if applicable — *Attorney-at-Law / Pro Se Plaintiff* — 57177 - Pa *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Frank Bartell
Stan Gilbert
Arlene Caney

v.

Community College of Phila.
Pr. Donald Guy Generals
Does 1-10

CIVIL ACTION

19 NO. 6056

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 12/20/2019 | Robert C Drake | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-732-7017 | 215-600-3534 | robert@drakespeciale.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 20 2019

MSG

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK BARTELL,** | : | |
| **STAN GILBERT, and** | : | **Civil Action No.** |
| **ARLENE J. CANEY,** | : | |
| | : | **COMPLAINT** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **19 6056** |
| | : | |
| **COMMUNITY COLLEGE OF** | : | |
| **PHILADELPHIA** | : | |
| **1700 Spring Garden Street** | : | |
| **Philadelphia, PA 19130,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **DR. DONALD GUY GENERALS,** | : | |
| **PRESIDENT OF COMMUNITY** | : | |
| **COLLEGE OF PHILADELPHIA** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **JOHN AND JANE DOES 1 THROUGH** | : | |
| **10 all whose true names are unknown,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. Plaintiffs, Frank Bartell, Stan Gilbert and Arlene J. Caney (hereinafter "Plaintiffs") bring this action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq.*, the Older Workers Benefit Protection Act (OWBPA), 29 U.S.C. §626 *et seq.*, the Pennsylvania Human Relations Act (PHRA), 43 P.S. §954 *et seq.*, and the Americans

with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.* against Defendants Community College of Philadelphia, Donald Generals, and John and Jane Does 1 through 10 (hereinafter "Defendants") for eliminating Plaintiffs' positions, doubling Plaintiffs' workload and/or forcing retirement, and failing to provide and/or eliminating accommodation for a disability. Plaintiffs seek reinstatement, equitable relief, compensatory damages, costs and attorney fees from Defendants.

## II. THE PARTIES

2. Plaintiff, Frank Bartell, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County.

3. Plaintiff, Stan Gilbert, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in Montgomery County.

4. Plaintiff, Arlene J. Caney, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing in Philadelphia County.

5. Plaintiffs are older than 40 years of age.

6. Upon information and belief, Defendant Community College of Philadelphia, is a Pennsylvania non-profit academic and research institution organized under the laws of the Commonwealth of Pennsylvania that directed, managed, controlled and employed, at all relevant times, Plaintiffs.

7. Upon information and belief, Defendant Dr. Donald Guy Generals is an adult individual and citizen of the Commonwealth of Pennsylvania.

8. Defendant Dr. Generals is President of Defendant Community College of Philadelphia.

9. Upon information and belief, Defendants John and Jane Does 1 through 10 are individuals whose names and addresses of residence are unknown.

10. At all times material hereto, the conduct of Defendants as enumerated within this Complaint occurred within the County of Philadelphia and within the Eastern District of Pennsylvania.

## III. JURISDICTION AND VENUE

11. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and §1343.

12. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

13. At all times material hereto, the Community College of Philadelphia employed more than fifty (50) employees.

14. At all times material hereto, the Community College of Philadelphia was an "employer" as defined by the ADEA, 28 U.S.C. §630.

15. At all times material hereto, the Community College of Philadelphia was an "employer" as defined by the ADA, 42 U.S.C. §12101, *et seq*.

16. At all times material hereto, the Community College of Philadelphia was an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*.

17. At all times material hereto, Plaintiffs were employed by the Community College of Philadelphia and assigned to work at the Community College of Philadelphia located within the Eastern District of Pennsylvania.

18. Plaintiffs have complied with all administrative and jurisdictional prerequisites and were all issued a Notice of Right to Sue by the Equal Employment Opportunity Commission dated September 23, 2019, thereby exhausting administrative remedies for all claims in this Complaint.

## IV. FACTUAL BACKGROUND

19. Plaintiff Bartell has been employed by Defendant Community College of Philadelphia as a member of its faculty since the 1970s.

20. Plaintiff Gilbert has been employed by Defendant Community College of Philadelphia as a member of its faculty since 1977.

21. Plaintiff Caney has been employed by Defendant Community College of Philadelphia as a member of its faculty since 1976.

### The Pre-Retirement Workload Options

22. Plaintiffs' terms and conditions of employment provided a benefit known as the Pre-Retirement Workload Options, which allowed full-time faculty members older than 55 years of age who met certain requirements to elect to take one of two positions that reduced workload, but still provided full-time benefits.

23. Under the first Pre-Retirement Workload Option (the "Indefinite Pre-Retirement Position"), qualifying full-time faculty members could elect to take a position that reduced workload and salary by half, but still provided full-time benefits.

24. Full-time benefits include, among other benefits, health insurance coverage for family members, which is a benefit that is not available upon retirement.

25. Once the Indefinite Pre-Retirement Position was selected, a faculty member was permitted to work a reduced schedule with full benefits indefinitely.

26. Under the second Pre-Retirement Workload Option (the "Step-Down Position"), qualifying full-time faculty members could elect to take a three-year position that reduced workload by 25% per year, until retirement in year four, but still provided full-time benefits for those three years and full-time salary for two years.

**Age Discrimination**

27. In 2016, Plaintiff Bartell chose the Indefinite Pre-Retirement Position, entitling Plaintiff to a reduced workload by half and full-time benefits indefinitely, including health insurance coverage for family members among other benefits.

28. In 2016, Plaintiff Gilbert chose the Indefinite Pre-Retirement Position, entitling Plaintiff to a reduced workload by half and full-time benefits indefinitely, including health insurance coverage for family members among other benefits.

29. In 2018, Plaintiff Caney chose the Indefinite Pre-Retirement Position, entitling Plaintiff to a reduced workload by half and full-time benefits indefinitely, including health insurance coverage for family members among other benefits.

30. In April 2019, Defendants sent a letter notifying each Plaintiff that the Indefinite Pre-Retirement Position would be eliminated and demanding that Plaintiff either retire or take a new position with double the workload.

31. In effect, the letter invited each Plaintiff to select which adverse action the employer should take -- forced retirement or increased workload.

32. Defendants presented Plaintiffs with a Faculty Workload Selection Sheet and required Plaintiffs to make a signed election.

33. Plaintiffs elected the option of forced, or constructively forced, retirement after three years of what had been the Indefinite Pre-Retirement Position.

34. Plaintiff Bartell selected forced retirement, which assigned retirement on or before August 31, 2020.

35. Plaintiff Gilbert selected forced retirement, which assigned retirement on or before August 31, 2020.

36. Plaintiff Caney selected forced retirement, which assigned retirement on or before August 31, 2021.

37. No one under the age of 40 was forced to retire.

38. No one under the age of 40 had their workload increased.

39. Defendants intentionally eliminated the positions that had been awarded to employees through the Pre-Retirement Workload Options.

40. Defendants eliminated the Indefinite Pre-Retirement Position and Step-Down Position to intentionally remove older employees. Defendants' policy is based on negative stereotypes and assumptions about older workers.

41. Defendants' elimination of the Indefinite Pre-Retirement Position and the Step-Down Position had the effect of forcing out older employees who were not willing or able to double their workload, such as Plaintiffs, who were constructively forced to retire.

42. Defendants' elimination of the Indefinite Pre-Retirement Position and Step-Down Position had the effect of doubling the workload of older employees.

43. Defendants intentionally endeavored to eliminate positions that allowed for a reduced workload.

44. Upon information and belief, Defendants believed that the makeup of the faculty was too old and intentionally endeavored to have a younger faculty. The allegations of this

paragraph will likely have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

45. Defendants willfully violated the Age Discrimination in Employment of 1967, as amended.

46. Defendants' act of eliminating the Indefinite Pre-Retirement Position and Step-Down Position had a disparate impact on older employees.

47. As a proximate result of Defendants' age discrimination, Plaintiffs were deprived of the opportunity to earn wages and deprived of the opportunity to earn employment benefits.

**Disability Discrimination Suffered By Plaintiff Bartell**

48. Plaintiff Bartell suffers from chronic knee pain and uses a cane to walk at all times.

49. Plaintiff Bartell's condition substantially restricts major life activities like walking, standing, and sitting for long periods of time.

50. Plaintiff's condition is visible and known to Defendant Community College of Philadelphia.

51. By selecting the Indefinite Pre-Retirement Workload, the reduced workload was a sufficient accommodation for Plaintiff's condition that allowed him to continue to work despite his disability.

52. Elimination of the Indefinite Pre-Retirement Workload deprives Plaintiff of his accommodation and Defendants never provided a further accommodation.

**COUNT I**

**Unlawful Intentional Age Discrimination (Disparate Treatment) in Violation of the ADEA, 29 U.S.C §621 *et seq.*, Against Defendant Community College of Philadelphia**

53. Plaintiffs hereby incorporate by reference all of the aforementioned paragraphs as if fully set forth at length herein.

54. The ADEA makes it unlawful for an employer to take an adverse action against an individual because of such individual's age.

55. Plaintiffs were older than 40 at the time the Indefinite Pre-Retirement Position was eliminated.

56. Plaintiffs' positions were eliminated by Defendant Community College of Philadelphia because of age because the parameters of the position to be eliminated were defined by age, that is – eliminating a position that could only be held by those 55 and older.

57. Defendants' violations of the ADEA were intentional and willful.

58. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiffs have sustained economic and non-economic damages, including but not limited to, denial of wages and other benefits.

WHEREFORE, Plaintiffs seek a determination that Defendant Community College of Philadelphia violated the Age Discrimination in Employment Act, 29 U.S.C §621 *et seq.*, and request all damages and relief permitted under the Age Discrimination in Employment Act, 29 U.S.C §621 *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief including but not limited to reinstatement and barring future discriminatory conduct; attorneys' fees, expert fees, costs and expenses; and such other additional relief as this Court deems just and fair.

**COUNT II**
**Unlawful Use of a Policy Having Disparate Impact on Employees Over 40 Years of Age in Violation of the ADEA, 29 U.S.C §621 *et seq.* Against Defendant Community College of Philadelphia**

59. Plaintiffs hereby incorporate by reference all of the aforementioned paragraphs as if fully set forth at length herein.

60. The ADEA prohibits employers form using facially age-neutral policies that have a significant disparate impact on workers over the age of 40, such as Plaintiffs.

61. Eliminating the Indefinite Pre-Retirement Position and the Step-Down Position had a significant adverse disparate impact on Plaintiffs and other employees over the age of 40 in violation of the ADEA.

62. Of those adversely affected by the policy, 100% were over the age of 40.

63. No one under the age of 40 was adversely affected by the policy by being forced to retire or increase his or her workload.

64. Upon information and belief, 28 employees were adversely affected by the elimination of the Indefinite Pre-Retirement Position and the Step-Down Position.

65. Upon information and belief, approximately 15% the age range disparately impacted by this policy (55 years and older) suffered an adverse employment action of either forced retirement or increased workload.

66. Defendants' stated reasons other than age for the policy eliminating the Indefinite Pre-Retirement Position and the Step-Down Position by forcing retirement or increasing workload (that the Pre-Retirement Option was costly and inconsistent with the College's "full-time faculty" philosophy) were pretextual and patently false.

67. The Indefinite Pre-Retirement Position was less costly because those in the Indefinite Pre-Retirement Position received half the salary of their counterparts who had a full workload.

68. Even if the Indefinite Pre-Retirement Option was costly, which it is not, Defendants' stated reason would only speak to removing the option – not the elimination of the positions of those who had selected the option in the past, whose positions rightfully should have been grandfathered.

69. Furthermore, targeting faculty positions with reduced workloads for removal is a pretext and a proxy for the oldest faculty members who are among the only employees who have qualified for a reduced load precisely because of their age.

70. As a direct and proximate result of the foregoing violations of the ADEA, Plaintiffs have sustained economic and non-economic damages, including but not limited to, denial of wages and other benefits.

WHEREFORE, Plaintiffs seek a determination that Defendant Community College of Philadelphia violated the Age Discrimination in Employment Act, 29 U.S.C § 621 *et seq*., and request all damages and relief permitted under the Age Discrimination in Employment Act, 29 U.S.C § 621 *et seq*., including but not limited to: back pay and front pay; equitable relief; injunctive relief including but not limited to reinstatement and barring future discriminatory conduct; attorneys' fees, expert fees, costs and expenses; and such other additional relief as this Court deems just and fair.

**COUNT III**
**Declaratory Relief for Violation of the OWBPA, 29 U.S.C. § 626 *et seq.***
**Against Defendant Community College of Philadelphia**

71. Plaintiffs hereby incorporate by reference all of the aforementioned paragraphs as if fully set forth at length herein.

72. Upon information and belief, Defendant Community College of Philadelphia believes that elimination of Plaintiffs' positions did not violate the ADEA, in part, because the elimination of the position and the acceptance of another position has been agreed to. In other words, the Defendant believes that claims stemming from the elimination of the position were waived by agreement.

73. In eliminating the Indefinite Pre-Retirement Position and the Step-Down Position, Defendant did not procure a valid waiver of any employment claims.

74. Collective Bargaining and any agreement with the Faculty & Staff Federation of the Community College of Philadelphia, Local 2026, AFT, FLO-CIO ("the Federation") cannot serve as a waiver of ADEA claims because any such agreement failed to comply with the OWBPA.

75. Similarly, the signed Faculty Workload Selection Sheet cannot serve as a waiver of ADEA claims because any such agreement failed to comply with the OWBPA.

76. Agreements with the Federation and the signed Faculty Workload Section Sheet violated the OWBPA because they (a) did not give Plaintiffs enough time to consider available options (b) did not give Plaintiffs seven days after signing to make a change, (c) gave no instruction to consult an attorney before signing, and (d) made no specific reference to claims under the ADEA.

77. An OWBPA violation under these circumstances may give rise to a right of action for declaratory or injunctive relief designed to invalidate an ADEA waiver to effectuate the enforcement provisions of both the ADEA and the OWBPA.

WHEREFORE, Plaintiffs seek a determination that Defendant Community College of Philadelphia violated the Older Workers Benefits Protection Act, 29 U.S.C § 623 *et seq*., and declaratory or equitable relief to, invalidate any purported waiver of claims under the ADEA, nullify the forced retirement date, and enjoin the enforcement of such retirement date; and such other additional relief as this Court deems just and fair.

**COUNT IV -**
**Violation of the Pennsylvania Humana Relations Act, 43 P.S. §954, *et seq.***
**Against All Defendants**

78. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs as if fully set forth at length herein.

79. The PHRA makes it unlawful for an employer to take an adverse action against an individual because of such individual's age.

80. Plaintiffs' positions were eliminated by Defendant Community College of Philadelphia because of age because the parameters of the position to be eliminated were defined by age – eliminating a position that could only be held by those 55 and older.

81. Defendant College's violations of the PHRA were intentional and willful.

82. At all times materiel hereto, Defendant Dr. Generals aided and abetted Defendant Community College of Philadelphia's discrimination against Plaintiffs and used his authority and/or apparent authority as a supervisory employer to aid and abet Defendant Community College of Philadelphia in taking adverse employment action against Plaintiffs because of Plaintiffs' age and disability.

83. At all times materiel hereto, Defendants John and Jane Does 1 through 10 aided and abetted Defendant Community College of Philadelphia's discrimination against Plaintiffs and used their authority and/or apparent authority as a supervisory employer to aid and abet Defendant Community College of Philadelphia in taking adverse employment action against Plaintiffs because of Plaintiffs' age and disability.

84. Furthermore, eliminating the Indefinite Pre-Retirement Position and the Step-Down Position had a significant adverse disparate impact on Plaintiffs and other employees over the age of 40 in violation of the PHRA.

85. As a direct and proximate result of the foregoing violations of the PHRA, Plaintiffs have sustained economic and non-economic damages, including but not limited to, denial of wages and other benefits.

WHEREFORE, Plaintiffs seek a determination that Defendants violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., and request all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*., including but not limited to: back pay and front pay; equitable relief; injunctive relief including but not limited to reinstatement and barring future discriminatory conduct; attorneys' fees, expert fees, costs and expenses; and such other additional relief as this Court deems just and fair.

**COUNT V**
**Violation of the ADA, 42 U.S.C. §12101, *et seq.***
**Plaintiff Bartell v. Defendant Community College of Philadelphia**

86. Plaintiff hereby incorporates by reference all of the foregoing paragraphs as if fully set forth at length herein.

87. Plaintiff was a member of the class of persons with eligible disabilities entitled to protection from unlawful discriminatory acts, hostile work environment, harassment, retaliation,

and termination pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, because of Plaintiff's serious medical condition and/or disability as set forth above.

88. At all times material hereto, Defendant was aware of Plaintiff's Bartell medical condition and/or disability.

89. At all times material hereto, Plaintiff was qualified for his job with Defendants and was fully capable of performing all of the essential functions of his position with or without reasonable accommodations.

90. At all times material hereto, Plaintiff was performing his job satisfactorily with or without accommodation.

91. Defendant discriminated against Plaintiff because of his medical conditions and/or disability by subjecting Plaintiff to forced retirement, constructively terminating him because he is unable to increase his workload.

92. Defendant discriminated against Plaintiff because of his medical conditions and/or disability by refusing to consider and/or provide Plaintiff with a reduced workload as a reasonable accommodation.

WHEREFORE, Plaintiff Bartell seeks a determination that Defendant Community College of Philadelphia violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. and requests all damages and relief permitted under the ADA, including but not limited to: back pay and front pay; equitable relief; injunctive relief including but not limited to reinstatement and barring future discriminatory conduct; attorneys' fees, expert fees, costs and expenses; and such other additional relief as this Court deems just and fair.

**JURY DEMAND**

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: December 20, 2019

Respectfully submitted,

Robert C. Drake, Esquire
Benjamin Speciale, Esquire

DRAKE SPECIALE LLC
221 Chestnut St., Suite 200
Philadelphia, PA 19106
(215) 732-7017
robert@drakespeciale.com
ben@drakespeciale.com

Attorneys for Plaintiffs